**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | |
| **v.** § | **CASE NUMBER: 4:20CR382 SDJ/KPJ** |
| § | |
| § | |
| **ROBERT DENTON WHITMIRE, JR. (56)** § | |

**REPORT AND RECOMMENDATION ON**
**DEFENDANT'S COMPETENCY TO STAND TRIAL**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States Magistrate Judge.

On April 8, 2022, Defendant's counsel, David C. Wright ("Mr. Wright"), filed the "Motion for Judicial Determination of Mental Competency" (the "Mental Competency Motion") (Dkt. 1903), wherein Mr. Wright requested a psychiatric or psychological exam to determine if Defendant Robert Denton Whitmire, Jr. ("Defendant") was suffering from a mental disease or defect rendering Defendant mentally incompetent as to be unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *See id.* The Court granted the Mental Competency Motion (Dkt. 1903) on April 17, 2022. *See* Dkt. 1962. On July 11, 2022, the Court ordered the time period to conduct the mental competency evaluation of Defendant be extended to August 13, 2022, with the final report to be submitted by September 10, 2022, as the Bureau of Prisons requested an extension to complete the testing and examination necessary. *See* Dkt. 2136.

Defendant was subsequently evaluated by Dr. Leticia Armstrong ("Dr. Armstrong") in Fort Worth, Texas, and found to be competent. The Court received Dr. Armstrong's psychiatric report on September 16, 2022. Dr. Armstrong's psychiatric report concludes "there is no objective information available to suggest that [Defendant] is presently suffering from a mental disease or defect that would significantly interfere with his rational or factual understanding of the charges and proceedings against him, or his ability to assist counsel in his defense." Dr. Leticia A. Armstrong's, Psy D., Psychological Evaluation for Whitmire, Robert Dated August 31, 2022, at 16.

On September 27, 2022, the competency hearing was conducted for Defendant. *See* Dkt. 2592. At the hearing, Defendant appeared with Mr. Wright, and Mr. Wright objected to Dr. Armstrong's psychiatric report and raised that he wished to subpoena Dr. Armstrong. *See id.* On November 2, 2022, Mr. Wright filed the "Agreed Motion for Psychiatric Screening by the Veteran's Administration" (the "VA Psychiatric Screening Motion") (Dkt. 2673), wherein Mr. Wright requested the Court "authoriz[e] a qualified psychiatrist or other medical service provider to examine and screen [Defendant] for services through the Veteran's Administration, and for such other and further relief as [the Court] may deem just and proper." Dkt. 2673 at 2. On November 17, 2022, the Court held a hearing on the VA Psychiatric Screening Motion (Dkt. 2673) during which the Court granted the VA Psychiatric Screening Motion (Dkt. 2673) and advised the parties to inform the Court of the status of the evaluation. *See* Dkt. 2713. After following up with the parties, the Court entered an Order on December 16, 2022, explaining there is good cause for the Veterans Benefits Administration to conduct a psychiatric examination and authorized Defendant to be examined by Dr. Evelyn Gibbs, Ph.D., LCSW-S, as well as any other representative of the Veterans Benefits Administration. *See* Dkt. 2779. The Court requested notice be given of the

examination to the Court, Mr. Wright, and the U.S. Attorney's Office, and the Court postponed the detention hearing until further notice upon agreement by the parties. *See id.* On January 20, 2023, the U.S. Department of Veteran Affairs informed Mr. Wright, the U.S. Attorney's Office, and the Court that the Veteran Benefits Administration could not provide care to Defendant while he remained in the custody of another agency.

On April 28, 2023, Defendant filed "Defendant's Motion to Set Conditions of Release" (the "Motion to Set Conditions of Release") (Dkt. 3130), wherein Defendant requested the Court enter an order setting condition of release to allow Defendant to enter the Residential Rehabilitation Treatment Program at the Olin E. Teague Veteran's Medical Center located at 1901 Veterans Memorial Drive in Temple, Texas. *See id.* at 1–2. On May 3, 2023, the Court set a hearing on the Motion to Set Conditions of Release (Dkt. 3130) for June 1, 2023. *See* Dkt. 3136. On June 1, 2023, the hearing on the Motion to Set Conditions of Release (Dkt. 3130) was held and Mr. Wright requested three weeks to subpoena two physicians as to Defendant's competency. *See* Minute Entry for June 1, 2023. Accordingly, the Court continued the hearing to June 22, 2023. *See id.* On June 21, 2023, Defendant filed "Defendant's Motion to Withdraw Document" (Dkt. 3257), wherein Defendant requested to withdraw the Motion to Set Conditions of Release (Dkt. 3130). *See* Dkt. 3257. On the same day, Defendant filed the "Motion to Withdraw Objections to Psychological Evaluation" (Dkt. 3258), wherein Mr. Wright advised that he and Defendant "conferred on June 16, 2023, and agreed that mental competency is no longer an issue due to an improvement in Defendant's medical condition." *Id.* at 2. On June 22, 2023, the Court granted the "Motion to Withdraw Document" (Dkt. 3257) and the "Motion to Withdraw Objections to Psychological Evaluation" (Dkt. 3258). *See* Dkt. 3262.

Based on Dr. Armstrong's psychiatric report, as well as the agreement of the parties, the undersigned concludes that Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. Defendant has a rational and factual understanding of the proceedings against him and has sufficient present ability to consult with his attorney with a reasonable degree of rational understanding. 18 U.S.C. § 4241(d); *see also Dusky v. United States*, 362 U.S. 402 (1960).

## RECOMMENDATION

For the foregoing reasons, the Court recommends Defendant be found competent to stand trial because he understands the nature and consequences of the proceeding against him and is able to assist in his defense. *See* 18 U.S.C. § 4241. The Court further recommends that the speedy trial time be excluded from April 8, 2022 (the date Defendant filed a Mental Competency Motion (Dkt. 1903)), until the date on which the District Judge signs the order adopting this report and recommendation.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party filing objections is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *see also Douglass v. United Servs. Auto*

4

*Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**So ORDERED and SIGNED this 23rd day of June, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE